```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


MARY COOK                                              PLAINTIFF

VS.                         CIVIL ACTION NO. 5:05-cv-19(DCB)(JMR)

PAYLESS SHOESOURCE, INC.                               DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Payless ShoeSource, Inc. ("Payless")'s motion for reconsideration **(docket entry 49)** of the Court's denial of its motion for summary judgment. Having considered the motion and response, the memoranda of the parties and all supporting documents, as well as the applicable law, the Court finds as follows:

The plaintiff, Mary Cook ("Cook"), on July 23, 2003, tripped and fell on the sidewalk in front of the defendant's store on Clay Street in Vicksburg, Mississippi. The plaintiff alleges that Payless's premises were not in a reasonably safe condition, and that because of the condition of the sidewalk, she fell while stepping from the parking lot to the sidewalk. Payless previously moved for summary judgment on the grounds that no dangerous condition existed and that it was not negligent in any way.

In its Memorandum Opinion and Order of May 12, 2006, the Court noted that "[a]ccording to the defendant, the only condition of which the plaintiff complains is the difference in elevation between the parking lot and the sidewalk." However, the plaintiff's complaint, her deposition testimony, and her response to the motion for summary judgment contained various references to

uneven, cracked, worn and "washed away" pavement, as well as "a wide crevice."  In light of this discrepancy in the parties' pleadings, the Court declined to grant summary judgment.  The defendant correctly stated that the burden is on the plaintiff to produce relevant "specific facts" that the premises were in a dangerous condition.  On the other hand, the defendant's burden upon moving for summary judgment is to demonstrate the lack of a genuine issue of material fact.  <u>Union Planters Nat. Leasing v. Woods</u>, 687 F.2d 117 (5th Cir. 1982).  In its rebuttal memorandum, Payless did not address the plaintiff's allegations concerning the condition of the sidewalk, but simply asserted that "Plaintiff has come forward with no probative evidence that the Payless premises was in an 'unreasonably dangerous' condition."  Defendant's Rebuttal in Support of Motion for Summary Judgment, ¶ 1.1.

Payless has now provided the Court with photographs of the premises and an affidavit of Linda Lewis, the store manager.  There are three recognized grounds for reconsideration under Fed.R.Civ.P. 59(e): (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.  <u>Atkins v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626 (S.D. Miss. 1990).  Payless has not shown grounds for reconsideration under (1) or (3).  Although it offers new evidence, it does not show that such evidence was not previously available.  Accordingly,

IT IS HEREBY ORDERED that the defendant Payless ShoeSource, Inc.'s motion for reconsideration **(docket entry 49)** is DENIED.

SO ORDERED, this the 10th day of July, 2006.

S/DAVID BRAMLETTE<br>UNITED STATES DISTRICT JUDGE