```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

MARY COOK                                                PLAINTIFF

VS.                          CIVIL ACTION NO. 5:05-cv-19(DCB)(JMR)

PAYLESS SHOESOURCE, INC.                                 DEFENDANT

<u>ORDER REGARDING MOTIONS IN LIMINE</u>

This cause is before the Court on the defendant Payless ShoeSource, Inc. ("Payless")'s motions in limine **(docket entry 45)**. Having considered the motions and responses, as well as the applicable law, the Court finds as follows:

1. ACCIDENT INVESTIGATION

Payless moves to preclude any testimony or statements by counsel that Payless was negligent in investigating the plaintiff's fall. The plaintiff has not alleged in her complaint that Payless was negligent in its investigation of the plaintiff's accident; therefore, any testimony to that effect would be irrelevant and inadmissible under Federal Rule of Evidence 402, as well as unduly prejudicial under Federal Rule of Evidence 403. In response to the defendant's motion, the plaintiff does not allege how the defendant was negligent in investigating the accident, nor does she allege how she was injured by any such negligence. The Court finds that the defendant's motion is well taken.

2. FAILURE TO WARN

Payless moves to exclude any testimony or statements by counsel that Payless had a duty to warn or that it breached such a duty with regard to the alleged dangerous condition of the walkway.

Payless had no duty to warn of the alleged hazard if it was open and obvious. <u>Mayfield v. The Hairbender</u>, 903 So.2d 733, 735 (Miss. 2005). Cook does not allege that the alleged dangerous condition was not open and obvious; therefore, she has failed to state a claim for failure to warn. <u>Id</u>. at 736-37 ("open and obvious" is no longer an absolute defense to a claim for negligence in creating or failing to repair a dangerous condition, but it remains an absolute defense to a claim for negligence in failing to warn). In response to the defendant's motion, the plaintiff does not allege that the condition was not open and obvious; she only alleges that she tripped and fell as a result of a defect in the premises, and that had the defendant provided warnings she would not have fallen and been injured. This is not sufficient under Mississippi law to support a failure to warn claim, and the defendant's motion is well taken.

### 3. FUTURE MEDICAL BILLS AND TREATMENT

Payless moves to preclude any evidence or statements regarding future medical bills or expenses and future "loss of vitality and the capacity to enjoy life, which will continue into the future." Payless asserts that the plaintiff has not produced any evidence that she will incur additional medical care or treatment related to her fall, and that her own expert testified any future medical treatment would be the result of a longstanding arthritic condition. In response to the motion, the plaintiff does not offer any expert testimony that, to a reasonable medical probability, she will incur additional medical care or treatment related to her

fall.  The defendant's motion on this issue is therefore well taken.  As to "loss of vitality and loss of enjoyment of life," hedonic damages are recognized as a separate element of damages under Mississippi law.  <u>Kansas City Southern Railway Company, Inc. v. Johnson</u>, 798 So.2d 374, 380 (Miss. 2001).  However, the plaintiff does not argue that she has suffered any loss of vitality or loss of enjoyment of life.  The defendant's motion is therefore well taken.

### 4.  LIABILITY INSURANCE

Payless moves to exclude any mention of liability insurance.  Federal Rule of Evidence 411 clearly provides that such evidence is inadmissible upon the issue of negligence.  The defendant's motion is well taken.

Accordingly,

IT IS HEREBY ORDERED that the defendant Payless ShoeSource, Inc.'s motions in limine **(docket entry 45)** are GRANTED.

SO ORDERED, this the 12th day of July, 2006.

                              S/DAVID BRAMLETTE
                              UNITED STATES DISTRICT JUDGE